FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 07 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MOSHE FETMAN & YAFFA FETMAN,

                    Appellants,

      -against-

AISH HATORAH OF N.Y. INC. & ROBERT
MUSSO as Chapter 7 Trustee,

                    Appellees.
-------------------------------------------------------------- x

MEMORANDUM & ORDER

1:17-cv-01247 (ENV)

VITALIANO, D.J.

      This is an appeal from an order of Bankruptcy Judge Nancy Hershey Lord entered in the involuntary Chapter 7 bankruptcy case of Jacob Fetman (the "debtor"), brought in the United States Bankruptcy Court for the Eastern District of New York. Appellants appeal from an order, dated February 14, 2017, which denied their request for the imposition of a constructive trust and approved the sale of two properties to which the debtor had title. Decision Denying Constructive Trust & Authorizing Sale at 2 (ECF No. 1, at 6). The Court now dismisses the appeal on account of appellants' inexcusable failure to file a brief, pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, and their neglect otherwise to prosecute this appeal.

### Background

      On August 11, 2015, appellants filed an involuntary bankruptcy petition against their son. *Id.* at 3 (ECF No. 1, at 7). Robert Musso was appointed as interim trustee on October 26, 2015 and was named trustee in the case after an Order for Relief was entered on November 21, 2015. *Id.* The trustee subsequently moved, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, for an order approving bidding procedures for the sale of two of the debtor's properties and authorizing the sale free and clear of all liens. *Id.* Appellants



1

objected to the trustee's motion, claiming that they were the true owners of the two properties and that the debtor was holding them for his parents in a constructive trust. *Id.* Judge Lord overruled the objection and granted the trustee's motion. *Id.*

Appellants filed a notice of appeal from the bankruptcy court's order, which was docketed in this Court on March 6, 2017. Notice of Appeal (ECF No. 1). The bankruptcy court record was received on April 17, 2017, and notice was promptly given to the parties that, pursuant to Bankruptcy Rule 8018, appellants were required to file a brief within 30 days, and appellee was required to file an answering brief within 30 days of service of appellants' brief, with reply by appellants permitted within 14 days of service of the answering brief. Docket Entry (ECF No. 2). When appellants failed to file their brief on this schedule, the Court, after waiting more than a reasonable time, issued an order, on September 8, 2017, directing the parties to file, no later than September 12, 2017, a joint status report, including either a proposed briefing schedule or agreement on a signed voluntary dismissal, pursuant to Bankruptcy Rule 8023.

Apparently, there being no agreement, there was no compliance with this second order. That resulted in the issuance of another status report order on October 10, 2017. With still no response, and patience waning, the Court again issued a request for a status report, on April 4, 2018. Finally, in the face of continued inaction, the Court issued an order to show cause, directing appellants to file, by August 21, 2018, a letter explaining why this appeal should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Appellants have made no effort to comply with the order to show cause.

## Discussion

A district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua*

2

*sponte*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (recognizing a district court's authority to dismiss *sua sponte* for failure to prosecute); *Sydlar v. Swimelar*, No. 6:10-cv-34 (GLS), 2010 WL 25222362 (N.D.N.Y. June 14, 2010) (dismissing a bankruptcy appeal *sua sponte* for failure to prosecute).; *Bristol v. Ackerman (In re Bristol)*, No. 09-cv-1683 (JFB), 2010 WL 1223053 (E.D.N.Y. Mar. 24, 2010) (same); *Freidus v. United States (In re Friedus)*, No. 94-cv-2687 (NG), 1996 WL 622210 (E.D.N.Y. Oct. 23, 1996) (same); *In re Kleinman*, No. 95 Civ. 2663 (RO), No. 95 Civ. 2665 (RO), 1996 WL 157469 (S.D.N.Y. Apr. 4, 1996) (same).

Although the time limitations of the Bankruptcy Rules "are not jurisdictional" and "the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines," the Second Circuit instructs that "the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.)*, 835 F.2d 54, 56 (2d Cir. 1987) (per curiam) (citations omitted). In this light, certainly, an appeal should be dismissed when failure to prosecute was "inexcusable." *Burton v. Schachter*, 99 F. App'x 333, 335 (2d Cir. 2004) (summary order) (citing *Tampa Chain*, 835 F.2d at 56).

Case law suggests particular facts for the district court to consider when weighing dismissal. They include "bad faith, negligence, and indifference." *Tampa Chain*, 835 F.2d at 56. Other factors include "1) the duration of [appellant's] failures or non-compliance; 2) whether [appellant] had notice that such conduct would result in dismissal; 3) whether prejudice to the [appellee] is likely to result"; 4) the balance of the court's "interest in managing its docket against [appellant's] interest in receiving an opportunity to be heard;" and 5) "the efficacy of a

sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citations omitted). These factors weigh strongly in favor of dismissal here. Appellants have flatly ignored procedural rules and several orders of this Court for more than a year. Plus, they have been given ample notice that continued disregard would result in dismissal. These facts suggest abundant bad faith, negligence, and indifference to this appeal.

The case for dismissal is even clearer here than in *Tampa Chain*. In *Tampa Chain*, the Second Circuit held that dismissal for failure to prosecute was appropriate when a party had not filed a brief even seven months after the due date, counsel had offered no explanation or excuse for failure to file, and the district court had dismissed the appeal only after inquiring as to the reason for failure to file and receiving no explanation. 835 F.2d at 56. In the present case, the appellants have not filed a brief for more than 15 months after the due date, have not responded to three status report orders, and have not responded to an order to show cause that specifically warned of dismissal for failure to prosecute. Having failed to communicate with the Court since the filing of the bankruptcy record, in April 2017, appellants' conduct amounts to bad faith. *See, e.g., In re Bristol*, 2010 WL 1223053, at *2 (identifying bad faith when a bankruptcy appellant failed to file a brief and to communicate with the court in 11 months).

Appellants, furthermore, have not offered an excuse for what appears to be a bad faith failure to prosecute, and the facts strongly suggest that none exists. On the totality of the circumstances, it is quite evident that a lesser sanction would be meaningless and unwarranted. Dismissal is the appropriate sanction. *See Castaldo v. Bank of N.Y. (In re Castaldo)*, No. 07-1840-bk, 2009 WL 754793, at *1 (2d Cir. Mar. 24, 2009) (summary order) ("A dismissal is not an abuse of discretion if it occurs after a party is asked to explain the failure to prosecute and fails to respond to the court's order" (citing *Tampa Chain*, 835 F.2d at 56)). Consequently, this

appeal is dismissed for failure to prosecute.

## Conclusion

For the foregoing reasons, the appeal is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
       September 7, 2018

                                         /s/ USDJ ERIC N. VITALIANO
                                         ERIC N. VITALIANO
                                         United States District Judge